## ELIHU STRATTON *et al. versus* THOMAS MASON *et al.*

A bond was executed by the administrators of an intestate estate, to the heirs at law, conditioned that the obligors should perform the award of an arbitrator, to whom the parties agreed to refer all differences concerning the settlement of the estate, and who was to award when and in what manner the obligors should settle their final account as administrators, in the probate court, and what items, whether of debt or credit, should constitute such final account. A similar bond was executed by the heirs, to the administrators. The referee subsequently awarded, that the administrators should present their final account, which should contain the items of debt and credit specified in the award, stated in the usual form of such accounts; and the administrators presented their final account in the form so prescribed, except that they inserted therein a claim " for expenses of settlement with the widow and heirs"; and this account, so altered, was allowed by the Court of Probate. It was *held,* that the insertion of such claim was a breach of the condition of the bond, even if it was for services performed subsequently to the award; and notwithstanding the heirs might have appealed from the decree allowing the account; and that the acceptance of their distributive shares by the heirs, was not a waiver of any claim on account of such breach, although the acceptance was made with the knowledge that such claim had been allowed by the Court of Probate.

DEBT on bond. By an agreed statement of facts, it appeared, that on November 26, 1833, the defendants executed and delivered the bond to the plaintiffs. The condition recited, that the defendants had been duly appointed administrators of Rufus Stratton, deceased ; that the plaintiffs were interested in his estate ; that divers disputes and difficulties had arisen and then existed between the plaintiffs and the defendants, relative to the administration accounts of the defendants and the final settlement of the estate ; and that it had been mutually agreed between the parties to refer all disputes and differences concerning the settlement of the estate to Charles

A. Dewey, Esq., who was to order and award when and in what manner the defendants should settle their final account as administrators, in the probate office, he having full power to determine what items, whether of debt or credit, should constitute such final account, the same to be adjudged and determined by him according to the principles of law or equity proper to govern a probate court, after a hearing of the parties, if they should choose to be heard. The condition then provided, that, if the defendants should abide by and perform the award of the referee, upon being notified thereof, then the obligation should be void, but otherwise should remain in full force.

It also appeared, that a similar bond was executed by the plaintiffs and delivered to the defendants ; and that of the four plaintiffs, two were the heirs at law of the intestate, and the other two were respectively the husband and the administrator of an heir at law.

It further appeared, that on April 18, 1834, the referee awarded, that the administrators should present to the Probate Court their final account, which should contain the items of debt and credit specified in the award, stated in the usual form of the accounts of administrators ; that the administrators accordingly presented their final account in the manner and form prescribed by the award, except that they inserted therein a petition praying the allowance of the sum of $50, " for expenses of settlement with the widow and five heirs ; " that such account, including this claim, was accepted by the judge of probate ; that neither of the plaintiffs had notice, that such allowance was prayed for, or that the administrators intended to present for allowance any other or different account ; that after the acceptance of such account, a decree of distribution was made, ordering the balance of the account to be distributed among the heirs at law ; that the distributive share of each heir was accepted, with the knowledge that the sum of $50 had been so allowed ; and that the plaintiffs knew of such allowance by the Probate Court, before the expiration of the time for appealing.

If the Court should be of opinion, upon these facts, that the plaintiffs were entitled to maintain their action, the defendants

43 *

Stratton
v.
Mason.

Sept. 25th.

were to be defaulted ; otherwise, the plaintiffs were to be nonsuited.

*Wells* and *Alvord*, for the plaintiffs, to the point, that it must be presumed that the claim allowed for the expenses of settlement with the widow and heirs, was submitted to and considered by the referee, it being a proper subject for his consideration, cited *Webster* v. *Lee*, 5 Mass. R. 337 ; *Ravee* v. *Farmer*, 4 T. R. 146 ; *Golightly* v. *Jellicoe*, 4 T. R. 147, note ; *Seddon* v. *Tutop*, 6 T. R. 607 ; and to the point, that evidence was not admissible to prove that this item was not laid before the referee, this being a reference of a particular transaction and not of all demands, *Smith* v. *Johnson*, 15 East, 213 ; *Whittemore* v. *Whittemore*, 2 N. Hamp. R. 29.

*H. G. Newcomb*, for the defendants.

Sept. 26th

SHAW C. J. delivered the opinion of the Court. This appears to us to be a plain case ; the only question is, whether the facts agreed show a breach of the condition of the bond The plaintiffs were interested as heirs, in an estate of which the defendants were administrators, and there being difficulties and controversies in regard to the final settlement of the administration account, the whole subject was submitted to an intelligent referee. The form of the award was very properly stipulated to be, that of a final account to be presented by the defendants, as administrators, to the Probate Court, and the effect of the defendant's obligation was, that they would present and abide by the account so stated.

The subject matter of allowance to the administrators, was embraced in the submission, because it was a final account, and therefore must include every item of allowance and disallowance. The award was complete, as well in regard to what it rejected as to what it admitted. Every claim for allowance not inserted in the credit side of the account, was disallowed, as effectually as if done in terms. It is not a satisfactory answer, that the charge of $50 was for services done after the award, and which were prospective only when the award was made ; it must be for services, foreseen to be necessary, and done *qua* administrators, and must of course form an item in a final account.

Nor is it a more satisfactory answer to say, that the plain-

uffs should have appealed from the decree of the judge of probate.  *Non constat* that the decision of the judge of probate was not legal and correct in allowing the claim ; the *gist* of the plaintiff's complaint is, that the administrators had stipulated that they would not make it.  If previously to a trial at law or before referees, a party enters into bond not to make a specific claim, the making it is a breach, not answered but rather aggravated by the consideration that it was a valid demand, to which the obligees had no legal defence, before the tribunal to which it was preferred.

And the Court are also of opinion, that the acceptance of the dividend was no waiver.  Even if the plaintiffs might have appealed from the decree of the judge of probate, and relied upon the award as a ground for the disallowance of the item, they were not obliged to do so.  A bond conditioned not to commence a suit, may under certain circumstances be pleaded as a release, and relied on as a defence to a suit brought in violation of it ; but such suit is not the less a breach of the condition, upon which the obligee, if he choose, may have an action.  The plaintiffs, in like manner, might submit to the decree, and rely upon the bond for redress.

*The bond is adjudged forfeited, and a hearing in chancery allowed.*